Sucn. J. Serrallés, peticionaria y apelada, *v.* Hon. Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y apelante.

Núm. 7182.—*Sometido:* Marzo 8, 1938. *Resuelto:* Abril 20, 1938.

*Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelante; *F. Parra Capó, F. Parra Toro* y *Leopoldo Tormes García,* abogados de la apelada.

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

EN MOCION DE RECONSIDERACION

Los hechos envueltos en este caso constan extensamente en nuestra opinión principal de 18 de enero de 1938, 52 D.P.R. 488. Decidimos, en síntesis, que la contribuyente, Sucesión de J. Serrallés, tenía derecho a recibir del Tesorero $24,367.43, más intereses sobre dicha suma al 6 por ciento anual desde el 26 de febrero de 1926 hasta el 18 de abril de 1934.

En 7 de febrero de 1938, la contribuyente radicó una llamada "moción sobre aclaración y reconsideración de sentencia," en la que indicaba que en la fecha en que se radicó la presente petición de *mandamus* en la corte inferior, o sea, el 12 de octubre de 1934, la peticionaria adeudaba al Tesorero de Puerto Rico la suma de $34,951.73, más intereses al 12 por ciento desde el 15 de septiembre de 1934 hasta el día en que se presentó dicha petición; que el Tesorero había admitido en su contestación que la Sucesión Serrallés, por carta de octubre 9 de 1934, había solicitado una compensación sobre las obligaciones mutuas existentes entre las partes; que en la súplica de la demanda la contribuyente había tratado de obtener primordialmente esta compensación y la devolución de cualquier remanente, pero que la corte de distrito aparentemente había invertido los términos del remedio solicitado y dictado sentencia ordenando la devolución absoluta de ciertas sumas a la peticionaria, o su compensación. La contribuyente sostiene que al confirmarse dicha sentencia, aunque se modificó la cuantía, este tribunal exigió del Tesorero, desde el punto de vista legal, una cosa imposible.

Además, la contribuyente insiste en que el efecto de nuestra sentencia debe retrotraerse al 12 de octubre de 1934, o

sea a la fecha en que se radicó la petición original, a fin de impedir que el Tesorero se beneficie por su propio acto al negarse a efectuar la compensación solicitada por la contribuyente. En otras palabras, ésta insiste en que no es equitativo permitir al Tesorero cobrar el 12 por ciento de interés sobre las sumas adeudádasle desde el 15 de septiembre de 1934, cuando él se negó a compensar o abonar este importe de la suma que esta corte ahora ha declarado el Tesorero adeudaba a la misma contribuyente desde el 18 de abril de 1934. La Sucesión Serrallés sostiene que la sección 64 (a) de la Ley núm. 74 de 1925 (Leyes de ese año, pág. 527), le concede el derecho a tal compensación.

El Tesorero de Puerto Rico no ha radicado alegato en oposición a estas proposiciones. En apoyo de la contención al efecto de que el Tesorero no puede legalmente cumplir con la forma de la sentencia dictada por la Corte de Distrito de Ponce según fué modificada por este Tribunal, la peticionaria cita el artículo 124 del Código Político y la sección 64 (a) de la Ley núm. 74 de 1925, supra. Estas disposiciones leen así:

"Artículo 124.—No se pagará dinero a ninguna persona por concepto de salario, o reclamación entablada contra la Tesorería Insular, si el interesado se hallare en descubierto con el Pueblo de Puerto Rico, por deudas atrasadas, y así consta en los libros del Contador, mientras no hubiere aquél arreglado sus cuentas con el Tesorero de Puerto Rico y satisfecho a éste todas las cantidades de las cuales fuere responsable; *Disponiéndose*, que por razones suficientes y siempre que los intereses del Gobierno Insular resultaren con ello beneficiados, podrán hacerse los necesarios pagos de retribución o salario devengado por personas en descubierto con el Pueblo de Puerto Rico, que continúan en el servicio del Gobierno Insular, mediante la recomendación del Contador, aprobada por el Gobernador.

"En todos los casos en que la paga o salario de alguna persona, o una cantidad por reclamación reconocida como buena contra el Pueblo de Puerto Rico, se retuviere en cumplimiento de este artículo, deberá el Contador abonar a cuenta de la deuda o persona alcanzada la cantidad así retenida o la parte de ella que fuere necesaria para satisfacer o extinguir dicha deuda.

"Sección 64(a).—Cuando cualquier contribución sobre ingresos o

beneficios excesivos impuesta por esta ley o por la Ley de Contribución sobre Ingresos número 59 de 1917, la ley de Contribuciones sobre Ingresos número 80 de 1919, la Ley de Contribuciones sobre Ingresos número 43 de 1921, o por cualquiera de dichas leyes según han sido enmendadas, o por cualquiera otra ley, se hubiere pagado en exceso, el montante de dicho exceso será acreditado a cualquier contribución sobre ingresos o beneficios excesivos o a cualquier plazo de las mismas que estuviere vencido, y cualquier remanente de dicho exceso será reintegrado inmediatamente al contribuyente.

''Cuando se haya hecho un pago de cualquier contribución sobre ingreso o por ganancias excesivas impuestas por la Ley de Contribución sobre Ingresos número 43, de 1921, según fué enmendada, por el año natural de 1924 ,o por cualquier año fiscal que termine en 1925, el montante de tal pago deberá ser acreditado a favor de cualquier contribución de ingresos o ganancias excesivas entonces adeudadas por el contribuyente de acuerdo con las disposiciones de esta Ley o las leyes anteriormente enmendadas en esta subdivisión o de cualquier enmienda a las mismas, y cualquier balance de tal exceso será inmediatamente reembolsado al contribuyente.''

De un estudio de los preceptos arriba citados hemos formado el criterio de que el Tesorero no podía propiamente cumplir con la orden primordial contenida en la sentencia, y aunque creemos que la segunda alternativa se hubiera convertido entonces automáticamente en la única resolución, ordenamos ahora primeramente al Tesorero que abone las sumas a que hicimos referencia en nuestra opinión y sentencia de enero 18 de 1938, al importe ·adeudado al Tesorero por la Sucesión Serrallés.

Igualmente resolvemos que toda vez que hemos llegado a la conclusión de que el Tesorero de Puerto Rico debe pagar a la Sucesión Serrallés la suma de $24,367.43 más intereses al 6 por ciento anual desde febrero 26 de 1926 al 18 de abril de 1934, y que la contribuyente tenía derecho a la compensación de acuerdo con la ley, tal decisión debe retrotraerse al 12 de octubre de 1934 en que se radicó la petición original de *mandamus*. Es un hecho que la contribuyente ha sido privada de ese total desde el 18 de abril de 1934 ·por la actuación deliberada, aunque explicable, del Tesorero. Resolvemos

que ambas partes tenían derecho a esperar el resultado de este litigio sin perjuicio de sus respectivas posiciones al tiempo en que se instituyó el mismo.

*Por tanto, se modifica la sentencia de la Corte de Distrito de Ponce en el sentido de ordenar al Tesorero de Puerto Rico que abone a los $34,951.73 más intereses al 12 por ciento desde el 15 de septiembre hasta el 12 de octubre de 1934 adeudados por la Sucesión Serrallés, los $24,367.43 más intereses al 6 por ciento desde el 26 de febrero de 1926 hasta el 18 de abril de 1934 adeudados por el Tesorero a la contribuyente, y que devuelva a la peticionaria cualquier exceso que haya.*